## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## (SAN ANTONIO DIVISION)

| | |
|---|---|
| ARTURO GONZALEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EL CENTRO DEL BARRIO D/B/A CENTROMED,<br><br>Defendant. | **Civil Action No. 24-cv-852-OLG** |

## PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| III. | LEGAL ARGUMENT | 2 |
| | A. Defendant's Removal Under 42 U.S.C. § 233 was Improper | 2 |
| |     i. Defendant has No Removal Right Under 42 U.S.C. § 233 | 2 |
| |     ii. Defendant is Not a PHS Employee for Purposes of § 233 | 4 |
| | B. Defendant's Removal Under 28 U.S.C. § 1442 Was Improper | 5 |
| |     i. Defendant is Not a General Officer for Purposes of § 1442 | 5 |
| |     ii. Removal Under § 1442 was Untimely | 7 |
| |     iii. In Alternative to Remand, Plaintiff Requests the Court Stay All Deadlines Until There is a Resolution of Defendant's PHS Employee Status | 8 |
| | C. Defendant's Removal is Improper Under the Class Action Fairness Act (CAFA) | 8 |
| IV. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

**CASES**

*Allen v. Christenberry*,
  327 F.3d 1290 (11th Cir. 2003) .................................................................................. 3

*Doe v. Centerville Clinics Inc.*,
  No. 2:23-CV-1107-NR, 2023 WL 5984337 (W.D. Pa. Sept. 14, 2023) .................................... 6

*Durham v. Lockheed Martin Corp.*,
  445 F.3d 1247, 1253 (9th Cir. 2006) .................................................................................. 7

*El Rio Santa Cruz Neigh'd Health Ctr., Inc. v. U.S. Dep't of Health & Human Svcs.*,
  396 F.3d 1265 (D.C. Cir. 2005) .......................................................................................... 3

*Gould v. Mut. Life Ins. Co. of N.Y.*,
  790 F.2d 769, 773 (9th Cir. 1986) ...................................................................................... 7

*Glenn v. Tyson Foods, Inc.*,
  40 F.4th 230 (5th Cir. 2022) ............................................................................................... 6

*Gundy v. United States*,
  139 S. Ct. 2116 (2019) ........................................................................................................ 4

*Hinds v. Community Med. Centers, Inc.*,
  2:22-cv-01207, 2022 WL 17555525 (E.D. Cal. Dec. 9, 2022) .............................................. 3

*Hollinger v. Home State Mut. Ins. Co.*,
  654 F.3d 564 (5th Cir. 2011) ............................................................................................... 8

*Hui v. Castaneda*,
  559 U.S. (2010) .................................................................................................................. 5

*Lake v. Ohana Mil. Cmtys., LLC*,
  14 F.4th 999 (9th Cir. 2021) ............................................................................................... 6

*Quinto v. Regents of U. of California*,
  3:22-cv-04429-JD, 2023 WL 144050 (N.D. Cal. Feb 1, 2023) ............................................ 7

*Sherman v. Sinha*,
  843 F. App'x 870 (9th Cir. 2021) ....................................................................................... 3

**STATUTES/RULES**

28 U.S.C. § 1442 ............................................................................................. 1, 5, 6, 7

42 U.S.C. § 233 ......................................................................................... 1, 2, 3, 4, 5, 6, 8

42 U.S.C.S. § 254b ................................................................................................... 6

**OTHER AUTHORITIES**

Elayne J. Heisler, Cong. Rsch. Serv., R43937, Federal Health Centers: An Overview (2017) ..... 6

Injury, Black's Law Dictionary (11th ed. 2019) ............................................................. 4

# STATEMENT OF THE ISSUES TO BE DECIDED

Plaintiff asks the Court to rule on the following issues:

(1) Whether the Defendant properly removed this case under 42 U.S.C. § 233(a);

(2) Whether Defendant properly removed this case under 28 U.S.C. § 1442; and

(3) Whether Plaintiff properly removed this case under the Class Action Fairness Act (CAFA).

## I. INTRODUCTION

The factual underpinning of this case is a massive data breach purportedly discovered by Defendant El Centro Del Barrio, D/B/A CentroMed ("Defendant") on May 1, 2024 in which the names, addresses, dates of birth, Social Security numbers, financial account information, medical record numbers, health insurance information, diagnosis and treatment information, and claims data of hundreds of thousands of individuals were accessed and/or misused by cybercriminals (the "Data Breach"). As a result, Plaintiff Arturo Gonzalez ("Plaintiff"), filed his Class Action Petition on May 28, 2024 in the 225th Judicial District Court of Bexar County, Texas asserting causes of action for negligence, breach of implied contract and breach of the implied covenant of good faith and fair dealing. **Exhibit A**.[1]

## II. FACTUAL BACKGROUND

Plaintiff served the Complaint on Defendant's Registered Agent Ernesto Gomez on June 26, 2024. **Exhibit B**.[2] More than thirty days later on August 2, 2024, Defendant filed an untimely Notice of Removal asserting Defendant is a Federal Officer, thereby requiring removal under 42 United States Code ("U.S.C.") § 233(l)(2), as well as a General Officer, requiring removal under 28 U.S.C. § 1442(a)(1). First, removal was improper as the United States of America ("U.S.A.") appeared within 15 days of receiving the summons and Complaint from the U.S. Department of Health and Human Services (HHS). **Exhibit C**.[3]

---

[1] A true and accurate copy of the Class Action Petition filed in Bexar County, Texas is attached as **Exhibit A**.
[2] A true and accurate copy of the filed Return of Service is attached as **Exhibit B**.
[3] A true and accurate copy of the Notice of the United States Under 42 U.S.C. § 233(*l*)(1) filed June 12, 2024 is attached as **Exhibit C**.

Further, as set out below, Defendant is not entitled to absolute immunity as a Federal or General Officer as explained by the U.S.A. in its Supplemental Notice filed in the Bexar County State Action on July 30, 2024. **Exhibit D.**[4] The Supplemental Notice confirms that the "United States . . . has now determined that [CentroMed] was not deemed to be a Public Health service employee for purposes of the acts or omissions giving rise to the suit and that this action therefore is not subject to the provisions of 42 U.S.C. § 233." *Id.* pg. 1.

Additionally, Defendant claims the Class Action Fairness Act ("CAFA") conferred jurisdiction upon this Federal District Court by alleging all the jurisdictional requirements of CAFA have been met. However, CAFA's Home State Mandatory Abstention doctrine dictates that this Court must abstain from exercising jurisdiction over this matter based on CAFA.

Thus, Plaintiff respectfully requests this lawsuit be remanded back to the Judicial District Court of Bexar County, Texas.

III. <u>**LEGAL ARGUMENT**</u>

    A. **Defendant's Removal Under 42 U.S.C. § 233 was Improper**

        i. *Defendant has No Removal Right Under 42 U.S.C. § 233*

Defendant has no removal right under 42 U.S.C. § 233 because the U.S.A. made an appearance within the statute's 15-day period. *See* 42 U.S.C. § 233(*l*)(2). To invoke immunity under § 233(a), a purportedly covered entity must serve the operative Complaint to the Attorney General and request the U.S.A. determine whether the action will be covered by § 233(a). Upon receipt of the pleadings, the Attorney General will determine whether the entity is "deemed" to be

---

[4] A true and accurate copy of the Supplemental Notice of the United States Under 42 U.S.C. § 233(*l*)(1) filed June 30, 2024 is attached as **Exhibit D**.

an employee of the PHS for the purposes of § 233(a), and thus immune from the suit. After serving the Complaint, under 42 U.S.C. § 233(l)(2), the entity purporting to be covered under § 233 may petition the case's removal to Federal Court "[IF] the Attorney General fails to appear in State court within […] 15 days after being notified of such filing." Id. § 233(l)(1) (emphasis added). This provision is intended to "protect a covered defendant against a default judgment due to the Attorney General's untimeliness." *El Rio Santa Cruz Neigh'd Health Ctr., Inc. v. U.S. Dep't of Health & Human Svcs.*, 396 F.3d 1265, 1272 (D.C. Cir. 2005).

Furthermore, the U.S.A. was not required to convey its final determination of Defendant's employee status in its June 12, 2024 appearance to be considered timely under § 233. *Sherman v. Sinha*, 843 F. App'x 870, 872 (9th Cir. 2021) (holding that requiring the government to provide a final determination with its appearance would be "contrary to the statutory scheme and unworkable as a practicable matter"); *Allen v. Christenberry*, 327 F.3d 1290, 1295 (11th Cir. 2003) (reversing the district court's denial of remand and noting that "[t]he statute does not provide for removal [under (l)(2)] upon notification [under (l)(2)] that no decision has been reached yet" and recognizing "that removal statutes should be construed narrowly, with doubts resolved against removal"); *Hinds v. Community Med. Centers, Inc.*, 2:22-cv-01207, 2022 WL 17555525, at *3 (E.D. Cal. Dec. 9, 2022) (Section 233(l)(2) removal was improper in a data breach case when Attorney General appeared in state court through a § 233(*l*)(1) notice indicating determination was under review).

The U.S.A timely appeared in the Bexar County State Action on June 12, 2024, within four days following receipt of the summons and Complaint from HHS. **Exhibit C**. Defendant asserts that § 233(*l*)(2) requires that this action be stayed pending a hearing and determination by this Federal Court "as to the appropriate forum or procedure for the assertion of the claim for

3

damages[.]" *See* Defendant's Notice of Removal ("Def's NTC") pg. 21. However, because the statutory predicate for removal under § 233(*l*)(2) is not satisfied, Defendant's request for a stay and hearing should be denied. 42 U.S.C. § 233(*l*)(2) (*See City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 705-06 (3d Cir. 2022) ("Defendants may prefer federal court, but they may not remove their cases to federal court unless federal laws let them. Here they do not."). This precludes Defendant's removal under § 233(*l*)(2).

      **ii.**      *Defendant is Not a PHS Employee for Purposes of § 233*

Defendant's Notice of Removal under § 233(l)(2) was improper as the U.S.A. determined Defendant is not deemed to be a PHS employee under the statute. The immunity provided by § 233(a) is limited to personal injury "resulting from the performance of medical, surgical, dental, or related functions." 42 U.S.C. § 233(a). The ordinary meaning of "function" is an "activity that is appropriate to a particular business or profession." Function, Black's Law Dictionary (11th ed. 2019); Function, Webster's Third New International Dictionary (unabr. ed. 1968) ("the action for which a person is specially fitted: role, duty, work"). Here, the acts or omissions giving rise to Defendant's Data Breach were not "specially fitted" to the work of doctors, surgeons, dentists, or similar medical professions. Instead, the conduct at issue here is the work of network administrators, information technology specialists and corporate compliance officers who never see or directly interact with patients.

This reading of § 233(a) is consistent with its history, purpose and the Federally Supported Health Centers Assistance Act ("FSHCAA"). *Gundy v. United States*, 139 S. Ct. 2116, 2126 (2019) (noting that statutory interpretation "determines meaning by looking not to isolated words, but to text in context, along with purpose and history"). This history and purpose demonstrate that § 233(a) is directed at conduct related to medical or professional malpractice—not the theft of digital

property. Indeed, that is why the HHS advises health centers that "even with FTCA coverage," they "will continue to need other types of insurance," such as "non-medical/dental professional liability coverage" as well as "theft coverage."[5] An activity is not a "medical, surgical, dental, or related function" simply because it happens to occur at a health center or even during the care of a patient. If the conduct occurs just as readily in countless other industries—like the theft of sensitive information does—then it is not a "related function" under § 233(a). *Hui v. Castaneda*, 559 U.S. 799, 808, 812-13 (2010).

Consistent with the history and purpose § 233(a), the U.S.A. submitted a Supplemental Notice on June 30, 2024 in the Bexar County State Action to advise the State Court that Defendant "was not deemed to be a Public Health Service Employee" as Plaintiff alleged "harms resulting from a criminal data breach are neither claims for 'personal injury, including death' within the meaning of 42 U.S.C. § 233(a), nor claims for medical malpractice of the kind that the Federally Supported Health Centers Assisted Act is intended to cover." *See* **Exhibit D**, pg. 1. As concluded by the U.S.A. in its Supplemental Notice, Plaintiff's claims arising out of the Data Breach do not arise "from the performance of medical, surgical, dental or related functions" as contemplated under § 233(a). Therefore, Removal is improper because § 233(a)'s immunity provisions do not apply in this case.

B. **Defendant's Removal Under 28 U.S.C. § 1442 Was Improper**

i. *Defendant is Not a General Officer for Purposes of § 1442*

In addition, Defendant's removal was also improper under 28 U.S.C. § 1442. To remove an action under § 1442, a defendant must prove that it is a general "officer of the United States"

---

[5] U.S. Dep't of Health & Hum. Servs., Health Res. & Servs. Admin., Federal Tort Claims Act Health Center Policy Manual 18 (July 21, 2014), available at https://bphc.hrsa.gov/sites/default/files/bphc/compliance/ftcahc-policy-manual.pdf.

5

or a "person acting under that officer." *Lake v. Ohana Mil. Cmtys., LLC*, 14 F.4th 999, 1000 (9th Cir. 2021). Defendant did not carry this burden.

This statute fails to vest this Federal Court with jurisdiction as Defendant is neither a federal officer nor acting under one for purposes of Plaintiff's allegations that Defendant failed to protect its electronic records database from a criminal data breach. *See*, e.g., 42 U.S.C. § 233(g)(1)(A) (deemed status is only "[f]or purposes of this section"); *Glenn v. Tyson Foods, Inc.*, 40 F.4th 230, 236–37 (5th Cir. 2022) (affirming remand when there was no "evidence of delegated authority or a principal/agent relationship at all" for § 1442 removal), cert. denied, 143 S. Ct. 776 (2023). Defendant's colorable federal defense is the same statute—42 U.S.C. § 233—that, despite containing two specific statutory bases for removal, provides it with no statutory right to federal court under the circumstances presented. *Doe v. Centerville Clinics Inc.*, No. 2:23-CV-1107-NR, 2023 WL 5984337, at *3 (W.D. Pa. Sept. 14, 2023) (granting remand and concluding that "[t]o permit [defendant health center] to raise § 233 as a defense for purposes of § 1442, when it didn't abide by the removal procedures of § 233, would sidestep the framework of § 233."), *on appeal,* No. 23-2738 (3d Cir.).

Defendant claims removal under § 1442 was proper because it "acted under" HHS to "assist, or to help carry out, the duties or tasks of the federal superior." Def's NTC pg. 7. Specifically, Defendant argues it is "statutorily obligated to serve an area or population" the HHS designated as medically underserved under 42 U.S.C.S. § 254b. *Id*. However, the language of 42 U.S.C.S. § 254b imposes no mandatory obligation to service a medically underserved population. Rather, under § 254b, the government provides grants to entities already delivering services to medically underserved populations in order to partially subsidize and defray the entities' operating costs. Elayne J. Heisler, Cong. Rsch. Serv., R43937, Federal Health Centers: An Overview, at 2

6

(2017) (explaining the Program "awards grants to support outpatient primary care facilities that provide care primarily to low-income individuals"). The purpose of this grant is not to conscript private entities to perform duties the U.S.A. is statutorily required to do—but rather to subsidize private entities which are already performing a federal interest. *Quinto v. Regents of U. of California,* 3:22-cv-04429-JD, 2023 WL 144050, at *2 (N.D. Cal. Feb 1, 2023) (rejecting § 1442(a)(1) removal because "receiving incentive payments for acting in a way that promotes a broad federal interest—in an area outside the traditional responsibility of the federal government— is not the same as being contracted to carry out, or assist with, a basic, governmental duty"). The willingness to comply with grant conditions does not subject Defendant to government control. Defendant's invocation of § 1442 thus fails.

### ii. *Removal Under § 1442 was Untimely*

Even if Defendant's removal under § 1442 was proper, its removal was untimely. To remove under § 1442, a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1442(b) (emphasis added). The 30-day period to file a notice of removal is strictly construed. *Gould v. Mut. Life Ins. Co. of N.Y.,* 790 F.2d 769, 773 (9th Cir. 1986).

The 30-day period begins when the plaintiff discloses facts sufficient for a defendant to determine whether or not it can be removed as a federal officer. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006). Here, Defendant's 30-day period for removal started when Defendant was served with the Complaint, on June 26, 2024. **Exhibit B**. If Defendant is a federal officer, it had facts sufficient to know this at the moment it received the Complaint. Instead,

Defendant waited until August 2, 2024 (37 days after service) to Notice Removal. As such, Defendant's removal was untimely and improper.

    **iii.** *In Alternative to Remand, Plaintiff Requests the Court Stay All Deadlines Until There is a Resolution of Defendant's PHS Employee Status*

Also pending before this Federal Court is the litigation *Lockhart Et Al v. El Centro Del Barrio*, case no. 5:23cv1156 (the "*Lockhart* Action"). The *Lockhart* Action involves a factually similar data breach incident occurring on or around June 12, 2023, in which cybercriminals accessed Defendant's inadequately protected information network. Currently, the *Lockhart* Action is awaiting a decision on the fully briefed issue as to whether the Court should substitute CentroMed for the United States as the only proper Defendant under 42 U.S.C. § 233.

As the U.S.A. timely appeared in the Bexar County State Action and determined Defendant is not a Federal or General Officer to confer Removal, this Action should be Remanded back to the District Court. In the alternative, Plaintiff requests this Court stay all actions and deadlines in the above-captioned case pending the resolution of CetroMed's Motion to Substitute the United States as a proper defendant currently pending before this Federal Court in the *Lockhart* Action.

    **C.** **Defendant's Removal is Improper Under the Class Action Fairness Act (CAFA)**

The Home State Mandatory Abstention provision under the Class Action Fairness Act (CAFA) requires the Federal District Court to decline jurisdiction over any class action in which "two-thirds or more of the members of all the proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 570 (5th Cir. 2011) (citing 28 U.S.C. § 1332(d)(4)(B)).

In the present action, Defendant is a domestic non-profit corporation doing business in the State of Texas organized under the laws of the State of Texas. *See About Us*, CENTROMED,

https://centromedsa.com/about-us/ (last accessed Aug. 26, 2024). All of Defendant's 26 locations are in the state of Texas, with 21 of those locations being in San Antonio, Texas. *See Locations*, CENTROMED, https://centromedsa.com/about-us/ (last accessed Aug. 26, 2024). Therefore, it is *highly likely* that significantly more than two-thirds of the Proposed Class are Texas Citizens.

Defendant is elusive in its Notice of Removal as to the percentage of current and former patients residing outside the State of Texas stating, "it is at least plausible that minimal diversity exists between at least some of the thousands of current and former patients of CentroMed and CentroMed itself." Def's NTC pg. 10. As this lawsuit is predicated on Defendant sending notices to those impacted by the Data Breach, Plaintiff would assume Defendant would provide the exact percentage of those impacted outside the State of Texas to satisfy Removal under CAFA if they were able to do so. Defendant's failure to provide this information is telling.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's counsel respectfully requests the Court Remand this case to 225th Judicial District Court of Bexar County, Texas.

Dated: August 30, 2024:  By: */s/ Ronald W. Armstrong, II*
Ronald W. Armstrong, II (TX S.B. # 24059394)
**THE ARMSTRONG FIRM, PLLC**
109 Yoalana St, Suite 210
Boerne, Texas 78006
Telephone: (210) 277-0542
Facsimile: (210) 277-0548
Email: rwaii@tafpllc.com

Laura Van Note, Esq. (CA S.B. #310160) *
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: lvn@colevannote.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

*Pro hac vice forthcoming*